Stan S. Mallison (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
Jessica Juarez (SBN 269600)
Joseph Sutton (SBN 269951)
MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, CA 94612
Telephone:     (510) 832-9999
Facsimile:      (510) 832-11012
StanM@TheMMLawFirm.com
HectorM@TheMMLawFirm.com
MPalau@TheMMLawFirm.com
JJuarez@TheMMLawFirm.com
JSutton@TheMMLawFirm.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTH DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| VICENTE HERNANDEZ, FRANCISCO BARAJAS, and RODRIGO SANCHEZ on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>         vs.<br><br>BF OPERATIONS HOLDINGS, LLC, a California Corporation, FRESH ENTERPRISES, LLC, a California Corporation, BAJA FRESH MEXICAN GRILL [FORM UNKNOWN] and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No. 3:11-cv-01147-CRB<br><br>CLASS ACTION<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. Failure to Pay Federal Overtime Wages, FLSA, 29 U.S.C. §§ 207, et seq.<br>2. Failure to Pay State Minimum Wages;<br>3. Failure to Pay State Overtime Wages;<br>4. Failure to Pay Reporting Time Wages;<br>5. Failure to Provide Rest Periods or Pay Additional Wages in Lieu Thereof;<br>6. Failure to Provide Meal Periods or Pay Additional Wages in Lieu Thereof<br>7. Failure to Indemnify Employees for All Necessary Expenditures or Losses Incurred;<br>8. Failure to Pay Wages of Terminated or Resigned Employees<br>9. Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions<br>10. Breach of Contract<br>11. Violation of Unfair Competition Law<br>12. California Labor Code Private Attorneys General Act (PAGA)<br><br>DEMAND FOR JURY TRIAL |

PLAINTIFFS VICENTE HERNANDEZ, FRANCISCO BARAJAS and RODRIGO SANCHEZ (hereafter collectively referred to as "PLAINTIFFS") bring this action against BF OPERATIONS HOLDINGS, LLC and its subsidiaries, partners, or agents; FRESH ENTERPRISES, LLC and its subsidiaries, partners, or agents; and BAJA FRESH MEXICAN GRILL [FORM UNKNOWN] and its subsidiaries, partners, or agents (collectively hereafter "DEFENDANTS" or "BAJA FRESH"). All allegations herein are made upon PLAINTIFFS' personal knowledge, except all allegations made upon information and belief, which are based upon counsel's investigation.

## I.    NATURE OF THE ACTION

1.    This is a wage and hour class action to vindicate the rights afforded employees by federal and California labor law.  This action is brought on behalf of PLAINTIFFS, former hourly non-exempt California employees of BF OPERATIONS HOLDINGS, LLC, FRESH ENTERPRISES, LLC, and BAJA FRESH MEXICAN GRILL [FORM UNKNOWN], and on behalf of the similarly situated class of employees.

2.    This action revolves around DEFENDANTS' failure to pay PLAINTIFFS and Class members in conformance with the Fair Labor Standards Act, 29 U.S.C. §§ 207, *et seq* ("FLSA") and California Labor Code, in particular, DEFENDANTS' failure to pay regular, minimum and overtime wages; failure to keep accurate time records; and failure to provide meal and/or rest periods (or pay the statutory additional wages in lieu thereof); failure to reimburse employees for expenses incurred to purchase and/or maintain required uniforms; and other wage and hour violations of the California Labor Code or wage orders.

3.    DEFENDANTS have refused to pay the wages due and owed under the express provisions of the FLSA and California Labor Code violating additional California Labor Code

First Amended Class Action Complaint – Demand for Jury Trial

provisions entitling California employees and ex-employees to prompt payment for all wages due, penalties and interest thereon.

4.    DEFENDANTS have failed to issue required accurate itemized wage statements to PLAINTIFFS in accordance with California Labor Code and the applicable Industrial Welfare Commission wage orders.

5.    DEFENDANTS have violated California Business & Professions Code §§17200 et seq. by their unlawful and unfair business practices.

6.    Through their employment practices, DEFENDANTS have violated numerous provisions of the California Labor Code and PLAINTIFFS are therefore aggrieved within the meaning of the Private Attorneys General Act ("PAGA"), Cal. Labor Code §§2698 et seq.  As such, PLAINTIFFS bring this action against DEFENDANTS as an agent or proxy of the State of California to enforce the State's labor laws and collect penalties on behalf of the State of California and DEFENDANT'S current and former employees.  PLAINTIFFS may act in this representative capacity under PAGA without having to satisfy class certification requirements.  *Arias v. Sup. Ct.* (2009) 46 Cal.4th 969.  Further, under PAGA and Labor Code § 558, any person who causes a violation of California's labor provisions is liable for penalties and an additional amount sufficient to recover underpaid wages. PLAINTIFFS have completed the PAGA administrative requirements in order to seek all remedies available under PAGA.

II.    **JURISDICTION AND VENUE**

7.    This Court has federal question subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. §§216(b).

8.    This Court also has supplemental jurisdiction over the California state-law claims pursuant to 28 U.S.C. §1367 because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution and arise from a common nucleus of facts.  This Court is empowered to grant declaratory relief pursuant to

First Amended Class Action Complaint – Demand for Jury Trial

1  28 U.S.C. § 2201.

2       9.     Venue Venue is proper in the Northern District of California pursuant to 28 U.S.C.

3  §1391, because this District is the district in which at least one of the Defendants resides and a

4  district in which a substantial part of the events or omissions giving rise to the claims occurred.

5  INTRADISTRICT ASSIGNMENT

6       10.     This case is properly assigned to the Oakland Division of this Court because a

7  substantial part of the events or omissions which give rise to this action occurred in Alameda

8  County.  Local Rule 3-2(c)&(d).

9

10  **III.**    **PARTIES**

11       11.     PLAINTIFF VICENTE HERNANDEZ ("HERNANDEZ") is a California resident.

12  At all relevant times herein, HERNANDEZ has been employed by DEFENDANTS as a non-

13  exempt employee at DEFENDANTS' restaurant located at 2237 Shattuck Avenue, Berkeley, CA

14  94704.  HERNANDEZ was hired pursuant to oral contracts of employment implicitly or explicitly

15  promising to pay in conformance with California wage and hour requirements.  By operation of

16  law, HERNANDEZ must also be paid in conformance with California labor laws and therefore be

17  paid at least a minimum wage of $8.00 per hour for all hours worked.  HERNANDEZ worked for

18  either DEFENDANTS from approximately December 2003 through November 2009. As a result

19  of Defendants' violations of the Labor and Business & Professions Code, PLAINTIFF

20  HERNANDEZ has suffered injury in fact and has lost money or property as a result of

21  DEFENDANTS' practices.

22       12.     PLAINTIFF FRANCISCO BARAJAS ("BARAJAS") is a California resident.  At

23  all relevant times herein, BARAJAS has been employed by DEFENDANTS as a non-exempt

24  employee at DEFENDANTS' restaurant located at 2237 Shattuck Avenue, Berkeley, CA 94704.

25  BARAJAS was hired pursuant to oral contracts of employment implicitly or explicitly promising

26  to pay in conformance with California wage and hour requirements.  By operation of law,

27  BARAJAS must also be paid in conformance with California labor laws and therefore be paid at

28  least a minimum wage of $8.00 per hour for all hours worked.  BARAJAS worked for either

DEFENDANTS from approximately October 2004 through November 2009. As a result of Defendant's violations of the Labor and Business & Professions Code, PLAINTIFF BARAJAS has suffered injury in fact and has lost money or property as a result of DEFENDANTS' practices.

13.    PLAINTIFF RODRIGO SANCHEZ ("SANCHEZ") is a California resident.  At all relevant times herein, SANCHEZ has been employed by DEFENDANT as a non-exempt employee at DEFENDANTS' restaurant located at 2237 Shattuck Avenue, Berkeley, CA 94704. SANCHEZ was hired pursuant to oral contracts of employment implicitly or explicitly promising to pay in conformance with California wage and hour requirements.  By operation of law, SANCHEZ must also be paid in conformance with California labor laws and therefore be paid at least a minimum wage of $8.00 per hour for all hours worked.  SANCHEZ worked for either DEFENDANTS from approximately June 2008 through November 2009. As a result of Defendant's violations of the Labor and Business & Professions Code, PLAINTIFF SANCHEZ has suffered injury in fact and has lost money or property as a result of DEFENDANTS' practices.

14.    BF OPERATIONS HOLDINGS, LLC ("BF OPERATIONS") is a statewide chain of Mexican restaurants.  On information and belief, the corporate headquarters of BF OPERATIONS is 2000 E. Winston Road, Anaheim, California 92806.  On information and belief, BF OPERATIONS is not filed with the California Secretary of State.

15.    FRESH ENTERPRISES, LLC ("FRESH ENTERPRISES") is a statewide chain of Mexican restaurants.  The corporate headquarters of FRESH ENTERPRISES is 5900 Katella Avenue, Suite A-101, Cypress CA 90630.  The address of FRESH ENTERPRISES is filed with the California Secretary of State as 5900 Katella Avenue, Suite A-101, Cypress, CA 90630.  The California registered agent for Service of Process for FRESH ENTERPRISES is Eresident Agent, Inc., but no mailing address is provided.

16.    BAJA FRESH MEXICAN GRILL [FORM UNKNOWN] ("BAJA FRESH MEXICAN GRILL") is a statewide chain of  Mexican restaurants.  On information and belief, the corporate headquarters of BAJA FRESH MEXICAN GRILL is 5900 Katella Avenue, Suite A-101, Cypress CA 90630. BAJA FRESH MEXICAN GRILL has operated and/or continues to operate in and around Alameda County.

17.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 50, inclusive (collectively with BAJA FRESH referred to as "DEFENDANTS"), are currently unknown to PLAINTIFFS, who therefore sues DOES 1 through 50 by such fictitious names under Code of Civil Procedure §474. PLAINTIFFS are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. PLAINTIFFS will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

18.     PLAINTIFFS are informed and believe, and based thereon allege, that BAJA FRESH and DOES 1 through 50 acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other Defendants.

## IV.     FACTUAL BACKGROUND

19.     For at least four years prior to the filing of this action and through to the present ("liability period for the 17200 *et seq*. cause of action"), DEFENDANTS maintained and enforced against their non-exempt employees unlawful wage, hour and payroll practices and policies, including:

a.     failing to properly pay Class members, including PLAINTIFFS, overtime wages pursuant to the FLSA and California Labor Code provisions and Industrial Welfare Commission Wage Order 5-2001

b.     forcing Class members, including PLAINTIFFS, to work "off the clock" time without compensation, in violation of California law;

c.     failing to provide Class members, including PLAINTIFFS, rest periods of at least (10) minutes per four (4) hours worked, or major fraction thereof, and failing to pay such employees one (1) hour of additional wages at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state laws;

d.    requiring Class members, including PLAINTIFFS, to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the meal period is not provided, as required by California state laws;

e.    requiring Class members, including PLAINTIFFS, to report to work and paying the employee less than half the usual or scheduled day's work at the employee's regular rate of pay and/or less than the legal minimum, as required by California state laws;

f.    failing to provide accurate itemized wage statements to Class members, including PLAINTIFFS, in violation of California law;

g.    failing to maintain accurate timekeeping records for Class members, including PLAINTIFF, as required by California state laws;

h.    failing to reimburse Class members, including PLAINTIFF, for expenses incurred to purchase and/or maintain required uniforms;

i.    failing to pay to Class members, including PLAINTIFFS, statutory penalties pursuant to California Labor Code Sections 201, 202, 203, and 226;

20.    On information and belief, DEFENDANTS were on notice of the improprieties alleged and/or has intentionally, deliberately, and willfully carried out these unlawful and unfair business practices.

21.    DEFENDANTS have made it difficult to account with precision for the unlawfully withheld wages due DEFENDANTS' non-exempt employees, including PLAINTIFFS, during all relevant times herein, because it did not implement and preserve a record-keeping method to accurately record all hours worked and wages earned by its employees as required for non-exempt employees by California Labor Code §§226 and 1174(d) and Industrial Welfare Commission Wage Order 5-2001.

22.    PLAINTIFFS and the Class bring this action pursuant to the FLSA, California Labor Code and IWC wage orders, seeking unpaid overtime wages, statutory penalties, liquidated

First Amended Class Action Complaint – Demand for Jury Trial

1  damages, declaratory, injunctive and other equitable relief, interest, reasonable attorneys' fees, and

2  costs of suit.

3       23.     PLAINTIFF and the Class, pursuant to the Unfair Competition Law ("UCL"),

4  Business and Professions Code §§ 17200 et seq., seek injunctive relief, equitable relief, declaratory

5  relief, restitution, restitutionary disgorgement of all wages earned by PLAINTIFF and the CLASS

6  but retained by DEFENDANT as a result of its failure to comply with the above laws. PLAINTIFF

7  and the Class are also entitled to attorneys' fees, costs and interest pursuant to the private attorney

8  provisions of California Code of Civil Procedure § 1021.5.

9

10  **V.    CLASS ACTION ALLEGATIONS**

11       24.     PLAINTIFFS brings this action on behalf of themselves and all others similarly

12  situated as a class action pursuant to §382 of the Code of Civil Procedure.  PLAINTIFFS seeks to

13  represent the following "Class" composed of and defined as follows:

14            **CALIFORNIA BAJA FRESH WORKERS:**  All non-exempt persons who
15            are employed or have been employed by DEFENDANT in the State of
          California who, within four (4) years of the filing of this Complaint, have
          worked as hourly restaurant employees and were not paid all lawful wages
16            and/or reimbursed for necessary expenses.

17       25.     PLAINTIFFS reserve the right to amend or modify the class description with

18  greater specificity to further divide into subclasses or to limit to particular issues.

19

20       26.     PLAINTIFFS also seek to represent the following opt-in FLSA "Class":.

21

22            **CALIFORNIA BAJA FRESH FLSA CLASS**: All non-exempt persons who are or have
23            been employed by DEFENDANT in the State of California and who, within three (3) years
          of the filing of this Complaint, have worked as hourly and/or piece-rate employees.

24

25       27.     This action has been brought and may properly be maintained as a class action

26  under the provisions of Federal Rule of Civil Procedure 23, because there is a well-defined

27  community of interest in the litigation and the proposed Class is easily ascertainable by means of

28  DEFENDANTS' records.

First Amended Class Action Complaint – Demand for Jury Trial

28.     This action has been brought and may properly be maintained as a class action under the provisions of Federal Rule of Civil Procedure 23, because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable by means of DEFENDANT'S records.

### A. <u>Numerosity</u>

29.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, PLAINTIFFS are informed and believe that DEFENDANTS currently employs, and during the relevant time periods employed, hundreds if not thousands of non-exempt hourly restaurant employees in the State of California and who are, or have been, affected by DEFENDANTS' unlawful practices as alleged herein.

30.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Upon information and belief, PLAINTIFFS allege that DEFENDANTS' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

### B. <u>Commonality & Predominance</u>

31.     There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.     Whether DEFENDANTS failed to pay premium (overtime and double-time) wages for hours worked in excess of 8 hours in one day, 40 hours in a workweek, and on the seventh day of a workweek;

b.     Whether DEFENDANTS violated the California Labor Code and wage orders by failing to compensate PLAINTIFFS and the other Class members for all hours worked;

First Amended Class Action Complaint – Demand for Jury Trial

c.     Whether DEFENDANTS violated the California Labor Code and wage orders by compensating PLAINTIFFS and the other Class members at hourly wage rates below the minimum wage rate;

d.     Whether DEFENDANTS violated the California Labor Code and wage orders by requiring PLAINTIFFS and the other Class members to report to work and did report for work, but were not put to work or were furnished less than half their usual or scheduled day's work, and were paid less than half the usual or scheduled day's work at their regular rate of pay;

e.     Whether DEFENDANTS violated the California Labor Code and wage orders by failing to provide daily rest periods to PLAINTIFFS and the other Class members for every four hours or major fraction thereof worked and failing to compensate said employees one hour of additional wages in lieu of each rest period denied;

f.     Whether DEFENDANTS violated the California Labor Code and wage orders by failing to provide a meal period to PLAINTIFFS and the other Class members on days they worked in excess of five hours during a work period and failing to compensate said employees one hour additional wages in lieu of each meal period denied;

g.     Whether DEFENDANTS violated the California Labor Code and wage orders by failing to reimburse PLAINTIFFS and the other Class members for expenses incurred to purchase required uniforms;

h.     Whether DEFENDANTS violated the California Labor Code and wage orders by failing to reimburse PLAINTIFFS and the other Class members for expenses incurred in maintaining required uniforms;

i.     Whether DEFENDANTS violated the California Labor Code and wage orders by failing to, among other things, maintain accurate records of PLAINTIFFS' and the other Class members' earned wages and work periods, accurately itemizing all hours worked and wages earned in the wage statements, and accurately maintaining records pertaining to PLAINTIFFS and the other Class members;

First Amended Class Action Complaint – Demand for Jury Trial

j.    Whether DEFENDANTS violated the California Labor Code and wage orders by failing to pay all earned wages and/or premium wages due and owing at the time that any Class member's employment with DEFENDANTS terminated;

k.    Whether DEFENDANTS violated the California Labor Code and wage orders by willfully refusing to pay all wages due;

l.    Whether DEFENDANTS committed unlawful business practices in violation of section 17200 *et seq.* of the Business and Professions Code by unlawfully failing to pay wages to PLAINTIFFS and the other Class members and converting same to DEFENDANTS' own use; unlawfully requiring PLAINTIFFS and the other Class members to work "off the clock" without compensation and converting same to DEFENDANTS' own use; unlawfully requiring PLAINTIFFS and the other Class members to work at hourly wage rates below the minimum wage and converting same to DEFENDANTS' own use; unlawfully requiring PLAINTIFFS and the other Class members to report to work but paying less than half the usual or scheduled day's work of their regular rate of pay and converting same to DEFENDANTS' own use; failing to reimburse PLAINTIFFS and the other Class members for expenses incurred to purchase and/or maintain required uniforms and converting same to DEFENDANTS' own use; failing to provide rest and meal periods without compensating PLAINTIFFS and the other Class members one hour of additional wages for each instance such periods were not provided and converting same to DEFENDANTS' own use; failing to pay wages and compensation due and owing after PLAINTIFFS' and certain other Class members' employment with DEFENDANT was terminated; and failing to keep accurate records.

m.    Whether DEFENDANTS committed unfair business practices in violation of section 17200 *et seq.* of the Business and Professions Code by violating the public policies underlying the California Labor Code and/or wage orders.

First Amended Class Action Complaint – Demand for Jury Trial

n.     Whether PLAINTIFFS and the other Class members are entitled to damages, restitution, statutory penalties, injunctive, equitable and declaratory relief, attorneys' fees and costs, and other relief pursuant to the the FLSA, California Labor Code and wage orders, Business and Professions Code section 17200 *et seq*.

## C.  Typicality

32.     The claims of the named PLAINTIFFS are typical of the claims of the Class. PLAINTIFFS and all members of the Class sustained injuries and damages arising out of and caused by DEFENDANTS' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

## D.  Adequacy of Representation

33.     PLAINTIFFS will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represent PLAINTIFFS are competent and experienced in litigating large employment class actions.

## E.  Superiority of Class Action

34.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policy and/or practice of failing to compensate Class members for all wages earned and due and engaging in the other unlawful practices herein complained of.

35.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

First Amended Class Action Complaint – Demand for Jury Trial

1

## VI.    CAUSES OF ACTION

2

3

### FIRST CAUSE OF ACTION

4

### FAILURE TO PAY FLSA OVERTIME WAGES
(FAIR LABOR STANDARDS ACT, 29 U.S.C. §207)
PLAINTIFFS FRANCISCO BARAJAS AND RODRIGO SANCHEZ, INDIVIDUALLY AND
ON BEHALF OF THE CLASS AGAINST ALL DEFENDANTS

5

6

7

8

    36.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

9

    37.    DEFENDANTS intentionally violated the rights of PLAINTIFFS and the Class

10

under FLSA, 29 U.S.C. § 207(a), by failing to pay overtime wages at a rate not less than one and

11

one-half times for all hours after forty hours in any given workweek during their employment with

12

DEFENDANT.

13

    38.    The violations of FLSA resulted from DEFENDANT'S following pay practices: (1)

14

paying PLAINTIFFS and the Class on some basis other than for the actual hours worked; (2)

15

reallocating hours worked over eight on a given day to another day to avoid paying overtime

16

premium wages (3) requiring PLAINTIFFS and the Class to work off the clock; and/or (4) failing

17

to record accurately all hours worked. As a result of these pay practices, DEFENDANTS failed to

18

compensate PLAINTIFFS and the Class for all time worked or failed to compensate them at the

19

appropriate premium rate (one and one-half times the regular rate of compensation) for hours

20

worked in excess of forty in a workweek, in violation of 29 U.S.C. § 207(a).

21

    39.    As a result of the FLSA violations described in this claim, PLAINTIFFS and the

22

Class are entitled to recover the amount of their unpaid overtime wages, an equal amount as

23

liquidated damages, and reasonable attorneys fees and costs to be paid by DEFENDANTS

24

pursuant to 29 U.S.C. § 216(b).

25

    40.    PLAINTIFF brings this claim for relief pursuant to the collective action rules under

26

29 U.S.C. § 216(b). For purposes of this claim for relief only, PLAINTIFFS will also file their

27

FLSA consent forms.

28

First Amended Class Action Complaint – Demand for Jury Trial

1

2      41.      WHEREFORE, PLAINTIFFS and the Class are entitled to relief as described herein

3   and below.

4

5                           **SECOND CAUSE OF ACTION**

6                    **FAILURE TO PAY STATE MINIMUM WAGES**
       (CAL. LAB. CODE §1197, 1194(A), 1194.2 & WAGE ORDER 5-2001)
7            ALL PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS
                           AGAINST ALL DEFENDANTS
8

9      42.      PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein

10  including all paragraphs containing allegations concerning the Labor Code Private Attorney

11  General Act.

12     43.      DEFENDANTS failed to pay minimum wage "for all hours worked."  For example,

13  PLAINTIFFS and the class were forced to work "off the clock" time without compensation by

14  being forced to clock out and return to work through meal periods.

15     44.      California Labor Code §1197, entitled "Pay of Less Than Minimum Wage" states:

16        The minimum wage for employees fixed by the commission is the minimum wage
          to be paid to employees, and the payment of a less wage than the minimum so fixed
17        is unlawful.

18     45.      The applicable minimum wages fixed by the commission for restaurant workers is

19  found in Wage Order 5-2001, which states:

20        Every employer shall pay to each employee wages not less than … six dollars and
          seventy five cents ($6.75) per hour for all hours worked effective January 1, 2002…
21

22     46.      The minimum wage provisions of California Labor Code are enforceable by private

23  civil action pursuant to California Labor Code §1194(a) which states:

24        Notwithstanding any agreement to work for a lesser wage, any employee receiving
          less than the legal minimum wage or the legal overtime compensation applicable to
25        the employee is entitled to recover in a civil action the unpaid balance of the full
          amount of this minimum wage or overtime compensation, including interest
26        thereon, reasonable attorney's fees and costs of suit.

27     47.      As described in California Labor Code §§1185 and 1194.2, any such action for

28  wages incorporates the applicable wage order of the California Industrial Welfare Commission.

48.    California Labor Code §1194.2 also provides for the following remedies:

In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

49.    As such, all PLAINTIFFS, individually and on behalf of the Class, may bring this action for minimum wage and overtime, interest, costs of suit, and attorney's fees pursuant to §1194(a).

50.    PLAINTIFFS intend to set forth these allegations and other allegations set forth below in their Private Attorney General Act notice to the Labor and Workforce Development Agency ("LWDA").

51.    WHEREFORE, PLAINTIFF and the Class are entitled to recover the unpaid minimum wages and liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon pursuant to California Labor Code §1194.2 and reasonable attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY STATE OVERTIME WAGES
(CALIFORNIA LABOR CODE §§510, 1194 & 1194.2)
PLAINTIFFS FRANCISCO BARAJAS AND RODRIGO SANCHEZ, INDIVIDUALLY AND ON BEHALF OF THE CLASS AGAINST ALL DEFENDANTS

52.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein including all paragraphs containing allegations concerning the Labor Code Private Attorney General Act.

53.    California Labor Code §510(a) states:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

- 15 -

The identical provision is found in Wage Order 5-2001, an order, which is authorized under California Labor Code §1185.

54.    California Labor Code §500 defines, "Workday" and "day" to mean any consecutive 24 hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

55.    As described herein, DEFENDANTS violated California Labor Code §510 and Wage Order 5-2001 by employing PLAINTIFFS and Class members in excess of 8 hours in one day, 40 hours in a workweek without paying overtime pay.  For example, DEFENDANT failed to pay proper overtime based upon DEFENDANTS' failure to pay for all time worked, that is, for time worked "off the clock" during meal periods.

56.    PLAINTIFFS, individually and on behalf of the Class, may enforce this provision pursuant to Labor Code §1194(a).

57.    WHEREFORE, PLAINTIFFS and the Class are entitled to the unpaid balance of the full amount of the above noted overtime compensation, interest, reasonable attorney's fees and costs of suit pursuant to California labor Code §1194.

### FOURTH CAUSE OF ACTION

**FAILURE TO PAY REPORTING TIME WAGES**
(CALIFORNIA LABOR CODE §1197, 1194(A), 1194.2 & WAGE ORDER 5-2001)
PLAINTIFFS FRANCISCO BARAJAS AND RODRIGO SANCHEZ INDIVIDUALLY AND ON BEHALF OF THE CLASS AGAINST ALL DEFENDANTS

58.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein including all paragraphs containing allegations concerning the Labor Code Private Attorney General Act.

59.    DEFENDANTS failed to pay reporting time wages. In particular, PLAINTIFFS and the Class were forced to comply to a work schedule that required them to report to work and were

First Amended Class Action Complaint – Demand for Jury Trial

1    furnished with less than half said employees usual or scheduled day's work.

2        60.    The applicable reporting time pay requirements for restaurant workers are found in

3    Wage Order 5-2001(5)(A) and (B), which state:

4        (A) Each workday an employee is required to report for work and does report, but is
            not put to work or is furnished less than half said employees usual or scheduled

5            day's work, the employee shall be paid for half the usual or scheduled day's
            work, but in no event less than two (2) hours nor more than four (4) hours, at the

6            employee's regular rate of pay, which shall not be less than the minimum wage.

7        (B) If an employee is required to report to work a second time in any one workday
            and is furnished less than two hours of work on the second reporting, said

8            employee shall be paid for two hours at the employee's regular rate of pay,
            which shall not be less than the minimum wage.

9        61.    The definition of shift is defined in Wage Order 5-2001(2)(Q), as follows:

10
     "Shift" means designated hours of work by an employee, with a designated
11   beginning time and quitting time.

12       62.    California Labor Code §1197, entitled "Pay of Less Than Minimum Wage" states:

13   The minimum wage for employees fixed by the commission is the minimum wage to be

14   paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

15       63.    The minimum wage provisions of California Labor Code are enforceable by private

16   civil action pursuant to California Labor Code §1194(a).

17       64.    As described, in California Labor Code §§1185 and 1194.2, any such action

18   incorporates the applicable wage order of the California Labor Commission.

19       65.    California Labor Code §1194.2 also provides for the following remedies:

20   In any action under Section 1194… to recover wages because of the payment of a
     wage less than the minimum wages fixed by an order of the commission, an
21   employee shall be entitled to recover liquidated damages in an amount equal to the
     wages unlawfully unpaid and interest thereon.
22
         66.    As such, PLAINTIFFS, individually and on behalf of the Class, may bring this
23
     action for minimum wage and overtime, interest, costs of suit, and attorney's fees pursuant to
24
     §1194(a).
25
         67.    WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid
26
     reporting time wages plus interest, liquidated damages in an amount equal to the wages unlawfully
27
     unpaid and interest thereon, reasonable attorney's fees and costs of suit pursuant to California
28

- 17 -

Labor Code §1194.2.

### FIFTH CAUSE OF ACTION

**FAILURE TO PROVIDE REST PERIODS**
**OR PAY ADDITIONAL WAGES IN LIEU THEREOF**
(CALIFORNIA LABOR CODE §§ 226.7 & 512 and WAGE ORDER 5-2001)
ALL PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST ALL DEFENDANTS

68.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein including all paragraphs containing allegations concerning the Labor Code Private Attorney General Act.

69.    PLAINTIFFS allege that the Class, including PLAINTIFFS, systematically worked for periods of four or more hours without a duty-free rest period of no less than 10 minutes in the employ of DEFENDANTS.

70.    California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

71.    Wage order 5-2001(12) states with regards to rest periods:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

- 18 -

72.    Therefore, DEFENDANTS violated California Labor Code §226.7 by failing to provide rest periods mandated by Labor Code §226.7 and Wage Order 5-2001(12), and by failing to provide one hour of additional wages at the employees' regular rate of compensation for each work day that the rest periods were not provided.

73.    PLAINTIFFS and, on information and belief, the Class Members the seek to represent did not voluntarily or willfully waive rest periods.   Any express or implied waivers obtained from PLAINTIFFS and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were part of a contract of an unlawful adhesion.  DEFENDANTS did not permit or authorize PLAINTIFFS and, on information and belief, Class Members to take rest periods in accordance with law.

74.    By failing to keep adequate time records required by sections Labor Code §§ 226 and 1174(d), DEFENDANTS have injured PLAINTIFFS and Class Members and made it difficult to calculate the unpaid additional wages due PLAINTIFFS and members of the Class.

75.    As a result of the unlawful acts of DEFENDANTS' actions, PLAINTIFFS and the Class they seeks to represent have been deprived of additional wages.

76.    WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid additional wages in amounts to be determined at trial.

## SIXTH CAUSE OF ACTION

**FAILURE TO PROVIDE MEAL PERIODS OR
PAY ADDITIONAL WAGES IN LIEU THEREOF**
(CALIFORNIA LABOR CODE §§ 226.7 & 512 AND WAGE ORDER 5-2001)
ALL PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST ALL DEFENDANTS

77.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein including all paragraphs containing allegations concerning the Labor Code Private Attorney General Act.

78.    PLAINTIFFS alleges that the Class, including PLAINTIFFS, worked for periods of more than five hours without a duty-free meal period of no less than 30 minutes in the employ of

DEFENDANTS.

79.    California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

80.    Comparable requirements are also found in Wage Order 5-2001.  Wage order 5-2001(11) states with regards to meal periods:

(A)    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

81.    A similar provision is also contained at California Labor Code §512(a) with regards to meal periods:

(a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is not more than 12 hours, the second meal period may be waived consent of the employer and the employee only if the first meal period was not waived.

82.    Therefore, DEFENDANTS violated California Labor Code §§226.7 and 512 by

- 20 -

failing to provide meal periods mandated by Labor Code §226.7 and Wage Order 5-2001(11).  As such, DEFENDANTS are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that the meal periods were not lawfully provided.

83.    PLAINTIFFS and, on information and belief, the Class Members the seek to represent did not voluntarily or willfully waive meal periods.   Any express or implied waivers obtained from PLAINTIFFS and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were part of a contract of an unlawful adhesion.  DEFENDANTS did not permit or authorize PLAINTIFFS and, on information and belief, Class Members to take meal periods in accordance with law.

84.    By their failure to provide meal periods for days on which non-exempt employees work(ed) work periods in excess of five hours, and failing to pay one hour of additional wages for such unprovided meal periods, DEFENDANTS willfully violated Labor Code §§ 226.7 & 512 and wage order 5-2001(11).

85.    By failing to keep adequate time records required by sections Labor Code §§ 226 and 1174(d), DEFENDANTS have injured PLAINTIFFS and Class Members and made it difficult to calculate the unpaid additional wages due PLAINTIFFS and members of the Class.

86.    As a result of the unlawful acts of DEFENDANTS' actions, PLAINTIFFS and the Class they seeks to represent have been deprived of additional wages.

87.    WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid additional wages in amounts to be determined at trial.

## SEVENTH CAUSE OF ACTION

**FAILURE TO INDEMNIFY EMPLOYEES FOR ALL NECESSARY EXPENDITURES OR LOSSES INCURRED**
(LABOR CODE §2802 & WAGE ORDER 5-2001)
ALL PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST ALL DEFENDANTS

88.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein including all paragraphs containing allegations concerning the Labor Code Private Attorney General Act.

First Amended Class Action Complaint – Demand for Jury Trial

89.     DEFENDANTS failed to reimburse employees for expenses incurred in acquiring and/or maintaining required uniforms.  The applicable uniform and equipment requirements for restaurant workers are found in Wage Order 5-2001(9).  Further, Labor Code §2802 states that:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Subsection (c) of Labor Code §2802 further states that "For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

90.     In this case, PLAINTIFFS and the Class were required to acquire their required uniforms and were not reimbursed for costs incurred to maintain them. As such, PLAINTIFFS, individually and on behalf of the Class, may bring this action for reimbursement for costs incurred in acquiring and maintaining their uniforms, including interest, costs of suit, and attorney's fees pursuant to §2802(c).

91.     WHEREFORE, PLAINTIFFS and the Class are entitled to reimbursed for costs incurred plus interest, costs of suit and attorney's fees pursuant to §2802(c).

## EIGHTH CAUSE OF ACTION

**FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION**
(CALIFORNIA LABOR CODE §§ 201, 202 & 203)
ALL PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST ALL DEFENDANTS

92.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein including all paragraphs containing allegations concerning the Labor Code Private Attorney General Act.

93.     DEFENDANTS, among other things, forced non-exempt employees within the State of California, including PLAINTIFFS, to work "off the clock" time without the required compensation; failed to reimburse non-exempt employees for expenses incurred; failed to provide non-exempt employees rest periods of at least (10) minutes per four (4) hours worked or major

fraction thereof and failed to pay such non-exempt employees one (1) hour of additional wages at the non-exempt employees regular rate of compensation for each workday that the rest period is not provided; required non-exempt employees within the State of California, including PLAINTIFFS, to work at least five (5) hours without a meal period and failed to pay such non-exempt employees one (1) hour of additional wages at the employees regular rate of compensation for each workday that the meal period is not provided; and required employees to report to work and paying the non-exempt employee less than half the usual or scheduled day's work at the employee's regular rate of pay and/or less than the legal minimum.

94.    California Labor Code Section 201 states:

(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…

95.    California Labor Code Section 202(a)  states:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

96.    As described above, DEFENDANTS failed to timely pay PLAINTIFFS and the Class all of their wages due for work performed and this failure continued through the time in which PLAINTIFFS and members of the Class quit or were discharged from their employment with DEFENDANTS.  As a result, DEFENDANTS has violated California Labor Codes §§201 and 202.

97.    California Labor Code §203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this

1   section for the time during which he or she so avoids payment. Suit may be filed for
2   these penalties at any time before the expiration of the statute of limitations on an
    action for the wages from which the penalties arise.

3       98.    The statute of limitations for an action for the wages at issue is four years pursuant

4   to California Business and Professions Code §17208.  As noted above, DEFENDANTS violated

5   California Labor code §§201 and 202 by failing to pay employees who quit or were discharged all

6   of the wages due pursuant to the timelines provided in those sections.  DEFENDANTS willfully

7   failed to pay all wages due as the failure to pay was not inadvertent or accidental.

8       99.    PLAINTIFFS and the Class she seeks to represent are entitled to compensation for

9   all forms of wages earned, including, but not limited to, wages for work done "off the clock"

10  and/or at hourly rates below the minimum wage, additional wages for unprovided rest and meal

11  periods, wages for reporting time pay wages, but to date have not received such compensation

12  therefore entitling them to Labor Code § 203 penalties.

13      100.    More than 30 days have passed since PLAINTIFFS and the affected Class Members

14  have left DEFENDANTS' employ, and on information and belief, have not received payment

15  pursuant to Labor Code § 203.  As a consequence of DEFENDANTS' willful conduct in not

16  paying all earned wages, PLAINTIFFS and certain Class Members are entitled to 30 days' wages

17  as a penalty under Labor Code § 203.

18  101.    WHEREFORE, PLAINTIFFS and the Class they seeks to represent are entitled to Labor

19  Code § 203 penalties in amounts to be determined at trial.

20                          **NINTH CAUSE OF ACTION**

21  **KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED**
22  **EMPLOYEE WAGE STATEMENT PROVISIONS**
    (CALIFORNA LABOR CODE §§226(B), 1174 & 1175)
23  ALL PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS
    AGAINST ALL DEFENDANTS
24

25      102.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein

26  including all paragraphs containing allegations concerning the Labor Code Private Attorney

27  General Act.

28

- 24 -

103.   California Labor Code Section §226(a) states:

    i)    Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing: gross wages earned,

    ii)    total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

    iii)    the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

    iv)    all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

    v)    net wages earned,

    vi)    the inclusive dates of the period for which the employee is paid,

    vii)    the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

    viii)    the name and address of the legal entity that is the employer, and

    ix)    all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

104.   DEFENDANTS failed to provide "accurate itemized statements" to employees because the wage statements:

    a.    Falsely understated the gross wages earned by failing to pay for all hours worked;

    b.    Falsely understated the total hours worked by Plaintiff and class by ignoring the total of hours actually worked;

c.    Falsely understated the net wages earned by failing to pay for all hours worked;

d.    Falsely understated the "number of hours worked at each hourly rate";

105.    California Labor Code § 226(e) and (g)  provides for the remedy for the violations described above.  Respectively, they state:

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the Initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

106.    In addition, Section 1174 of the California Labor Code, and Section 7 of Wage order 5-2001, requires DEFENDANTS to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  DEFENDANTS have created a uniform practice of knowingly and intentionally failing to comply with Labor Code §1174.  DEFENDANTS', and each of their failure to comply with Labor Code §1174 is unlawful pursuant to Labor Code §1175.  When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

107.    By failing to keep adequate time records required by Labor Code §§226 and 1174 (d), DEFENDANTS have injured PLAINTIFFS and Class Members and made it difficult to calculate the unpaid wages due PLAINTIFFS and members of the Class and PLAINTIFFS and each Class member so injured is entitled to up to $4,000.00 in penalties.

108.    WHEREFORE, PLAINTIFFS and the Class they seek to represent are entitled to Labor Code(e) penalties in an amount to be determined at trial not to exceed $4,000 per Class member, cost of suit, attorneys fees and injunctive relief per California Labor Code §226(g).

**TENTH CAUSE OF ACTION**

- 26 -

## BREACH OF CONTRACT
### (CALIFORNIA LABOR CODE §§ 223, 225, 226 & 206.5)
### ALL PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS
### AGAINST ALL DEFENDANTS

109.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein including all paragraphs containing allegations concerning the Labor Code Private Attorney General Act.

110.    The DEFENDANTS entered into employment contracts with PLAINTIFFS and the Class whereby DEFENDANTS would pay hourly rates of pay.  Evidence of this hourly rate is contained on the wage statements for employees as required by California Labor Code §226. Pursuant to California Labor Code §223, "where any contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."  Pursuant to California Labor Code 225, a violation of Labor Code 223 constitutes an misdemeanor.  Pursuant to California Labor Code §206.5, any release required or executed regarding these wages is null and void and would constitute a misdemeanor if imposed by DEFENDANTS.  Further, all applicable sections of the California Labor Code and Wage Orders are incorporated into said employment contracts with PLAINTIFFS and the Class by operation of law.

111.    The DEFENDANTS breached the contracts of employment into which it entered with the PLAINTIFFS and the Class members by failing to comply with the promised terms and conditions of employment.

112.    The PLAINTIFFS and the Class were at all times ready, willing, and able to, and did in fact, comply with the terms of the employment contract.

113.    As a direct consequence of DEFENDANTS' breach of the employment contract, PLAINTIFF and the Class members suffered substantial injury.

114.    As a result, the DEFENDANTS are therefore liable to the PLAINTIFFS and the Class for actual, incidental, and consequential damages in an amount to be determined at trial.

115.    WHEREFORE, PLAINTIFFS and the Class they seek to represent are entitled to

First Amended Class Action Complaint – Demand for Jury Trial

1  actual, incidental, and consequential damages.

2

3  **ELEVENTH CAUSE OF ACTION**

4  **UNFAIR AND UNLAWFUL ACTS IN VIOLATION OF UNFAIR COMPETITION LAW**
(CALIFORNIA BUS. & PROF CODE §17200 et seq.)
ALL PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST ALL DEFENDANTS

5

6

7      116.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein

8  including all paragraphs containing allegations concerning the Labor Code Private Attorney

9  General Act.

10      117.    DEFENDANTS engaged in unlawful activity prohibited by Business and

11  Professions Code §§17200 et seq.  The actions of DEFENDANTS as alleged within this complaint,

12  constitute unlawful and unfair business practices with the meaning of Business and Professions

13  Code §§17200 et seq.

14      118.    As described above, DEFENDANTS have violated the following California laws:

15      a.   violation of California Labor Code §201 by failing to pay all wages
16           earned and unpaid at the time of certain Class members' discharge from
             employment by DEFENDANTS;

17

18      b.   violation of California Labor Code §202 by failing to pay all wages
             earned and unpaid within 72 hours of the time of quitting by certain
19           Class members from their employment by DEFENDANTS;

20      c.   violation of California Labor Code §206 by failing to pay, without
             condition and within the time set by the applicable article, all wages, or
21           parts thereof, conceded by DEFENDANTS to be dues;

22      d.   violation of California Labor Code §216 by willfully refusing to pay
             wages due and payable after demand was made while having the ability
23           to pay, and by falsely denying the amount or validity thereof, or that the
             same is due, with intent to secure for itself any discount upon such
24           indebtedness, and with intent to annoy, harass, oppress, hinder, delay, or
25           defraud, the Class members to whom such indebtedness is due;

26      e.   violation of California Labor Code §223 by secretly paying a lower
             wage to Class members while purporting to pay the wage designated by
27           statute or by contract;

28

- 28 -

f.  violation of California Labor Code §226 by failing to provide Class members with accurate wage statements;

g.  committing a misdemeanor in violation of California Labor Code §226.6 by knowingly and intentionally violating the provisions of California Labor Code §226;

h.  violation of California Labor Code §226.7 by requiring Class members to work during meal and rest periods mandated by the applicable Wage Order and failing to provide said Class members one (1) hour additional wages at the non-exempt employee's regular rate of compensation for each work day that the meal or rest period is not provided;

i.  violation of California Labor Code §510 by failing to compensate Class members at the rate of no less than one and one-half times the regular rate of pay for an employee for all work in excess of eight hours in one workday and any work in excess of 40 hours in any workweek and the first eight hours worked on the seventh day of work in any one workweek, and by failing to compensate Class members at the rate of no less than twice the regular rate of pay for an employee for work in excess of 12 hours in one day and any work in excess of eight hours on any seventh

j.  violation of the Fair Labor Standards Act, 29 U.S.C. § 207 by failing to compensate Class members at the rate of no less than one and one-half times the regular rate of pay for an employee for all work in excess of in excess of 40 hours in any workweek;

k.  violation of California Labor Code §512 by failing to provide Class members with a meal period of not less than 30 minutes for every work period of more than five hours per day and by not providing Class members with a second meal period of not less than 30 minutes for a work period of more than 10 hours per day;

l.  violation of California Labor Code §§1182.11 and 1197 by failing to pay at least the minimum wage for all hours worked by Class members;

m.  violation of California Labor Code §§1194 by failing to pay minimum and/or overtime wages for all hours worked by Class members;

n.  violation of California Labor Code §§1194.2 by failing to liquidated damages for failure to pay minimum wages for all hours worked by Class members;

o.  violation of California Labor Code §2802 by failing to indemnify its employees, the Class members, for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of their duties and their obedience to the directions of DEFENDANTs;

- 29 -

p.  violation of Wage Order 5-2001(5)(A) and (B) by failing to pay reporting time wages for each workday a Class member was required to report to work and did report to work, but was not put to work or was furnished less than half said employee's usual or scheduled day's work, but in no event for less than two (2) hours nor ore than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage, and by failing to pay reporting time wages when Class members were required to report to work a second time in any one workday and were furnished less than two hours of work on the second reporting and not paying said Class members at least two hours at the employee's regular rate of pay, which shall not be less than the minimum wage; and

q.  violation of the covenant of good faith and fair dealing and breach of contract by failing to comply with promised terms and conditions of employment.

119.    DEFENDANTS' activities also constitute unfair practices in violation of Cal. Bus. & Prof. Code §§17200 et seq. because DEFENDANTS' practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to PLAINTIFFS, the Class and the public.

120.    PLAINTIFFS are entitled to an injunction and other equitable relief against such unlawful practices to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

121.    As a result of their unlawful acts, DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of PLAINTIFFS, and the Class. DEFENDANTS should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to PLAINTIFFS and the members of the Class the wrongfully withheld wages pursuant to Business and Professions Code §17203. PLAINTIFFS are informed and believes, and thereon alleges, that DEFENDANTS are unjustly enriched through their failure to pay legal and contractual wages, and/or other compensation. PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and members of the PLAINTIFF Class are prejudiced by DEFENDANTS' unfair trade practices.

122.    As a direct and proximate result of the unfair business practices of DEFENDANTS, and each of them, PLAINTIFFS and the Class are entitled to equitable and injunctive relief,

including full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFFS and members of the PLAINTIFF Class as a result of the business acts and practices described herein and enjoining DEFENDANTS to cease and desist from engaging in the practices described herein.

123.    The unlawful and unfair conduct alleged herein is continuing, and there is no indication that DEFENDANTS will not continue such activity into the future. PLAINTIFFS allege that if DEFENDANTS are not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully require DEFENDANTS' non-exempt employees to work "off the clock" and without compensation, will continue to unlawfully require Defendant's non-exempt employees to report to work and send them home without either furnishing them at least half their usual or scheduled days work or without additional compensation, will continue to require non-exempt employees to work during rest or meal periods without providing the appropriate additional compensation in lieu thereof.

124.    PLAINTIFFS further request that the court issue a preliminary and permanent injunction prohibiting DEFENDANTS from requiring PLAINTIFFS and the Class they seek to represent to work "off the clock" and without compensation, prohibiting other wrongful conduct which is the subject of this Complaint and which may later be discovered in the course of litigation.

125.    WHEREFORE, PLAINTIFFS and the Class they seek to represent request relief as described herein and below.

## TWELFTH CAUSE OF ACTION

**THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**
(CALIFORNIA LABOR CODE §§2698, et seq.)
ALL PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE STATE OF CALIFORNIA
AND ALL EMPLOYEES
AGAINST ALL DEFENDANTS

126.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

127.    PLAINTIFFS submits this cause of action on behalf of the State of California and DEFENDANTS' employees pursuant to Labor Code §§ 2699 et seq. (The Private Attorneys

General Act).  As such, PLAINTIFFS include violations of those provisions listed under §2699.5 herein. Labor Code § 2699.3(a)(2)(C) provides that, notwithstanding any other provision of law, plaintiffs may as a matter of right amend an existing complaint to add a cause of action arising under §§ 2699 et seq.  As described above, PLAINTIFFS have complied with all of their administrative requirements.

128.    PLAINTIFFS are an aggrieved employees as defined in Labor Code §2699(a). They bring this cause on behalf of the State of California, themselves and other current or former employees affected by the labor law violations alleged in this complaint:

129.    Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation

PLAINTIFFS seek civil penalties as provided under applicable Labor Code sections for violations of the Labor Code alleged herein pursuant to Labor Code § 2699(a). To the extent that any violation alleged herein does not carry a penalty, PLAINTIFFS seek civil penalties pursuant to Labor Code § 2699(f) for PLAINTIFF and other current or former employees for violations of those sections.

130.    PLAINTIFFS seeks penalties on behalf of themselves, other aggrieved employees, and the State, as provided by Labor Code § 2699(i).

131.    DEFENDANTS are liable to PLAINTIFF, and  "other current or former employees and the state" for the civil penalties permitted by this complaint set forth in this Amended Complaint.  PLAINTIFFS are also entitled to an award of attorneys' fees and costs as set forth below.

132.    PLAINTIFFS' PAGA claim does not require Class Certification because these claims  are held by the named plaintiffs in this action. Both the language of PAGA and the express intent of the Legislature indicate that an aggrieved employee may bring an action on behalf of other employees without complying with the requirements of a class action.  Labor Code Section

2699 specifically states that an aggrieved employee may bring an action on behalf of other employees, "[n]otwithstanding any other provision of law…" The wording of the PAGA, which authorizes an aggrieved employee to bring an action  "on behalf of himself or herself and other current or former employees… [,]" is similar to the form wording of Business and Professions Code Section 17204, which authorized a person to bring an action "acting for the interests of itself, its members or the general public."… The Legislature has made clear that an action under the PAGA is in the nature of an enforcement action, with the aggrieved employee acting as a Private Attorneys General to collect penalties from employers who violate labor laws.  Such an action is fundamentally a law enforcement action designed to protect the public and penalize the defendant for past illegal conduct.  Restitution is not the primary object of a PAGA action an action under the PAGA is not for the purpose of recovering damages, but only for the recovery of a civil penalty.  It does not preclude an employee from pursuing any other claim he may have available under law.

133.    As such, PLAINTIFFS individually hold a substantive right to bring all PAGA claims by standing in the shoes of, and on behalf of, the State of California.  PLAINTIFFS have standing to bring a PAGA claim to recover civil penalties by standing in the shoes of, and on behalf of, the State of California.

134.    The PAGA claims are also brought against DEFENDANTS pursuant to provisions of the California Labor Code, including §558, which permits liability of persons who violate or cause to be violated Labor Code and IWC regulations.

135.    WHEREFORE, PLAINTIFFS, on behalf of the State of California, themselves and DEFENDANTS' employees, request relief as described herein and below.

## VII.    PRAYER

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1.    That the Court determine that this action may be maintained as a class action with the named PLAINTIFFS appointed as class representative;

2.    For the attorneys appearing on the above caption to be named class counsel;

3.    For compensatory and liquidated damages in an amount according to proof with

First Amended Class Action Complaint – Demand for Jury Trial

1    interest thereon;

2    4    For payment of overtime wages, pursuant to 29 U.S.C. § 207 and Labor Code §§

3         510, 1194, 1194.2 & Wage Orders, and liquidated damages pursuant to 29 U.S.C. §

4         216(b)

5    5.   For economic and/or special damages in an amount according to proof with interest

6         thereon;

7    6.   For an injunction and other equitable relief against such unfair and unlawful

8         practices to prevent future damage and make PLAINTIFFS and the Class whole;

9    7.   For a declaratory judgment that each of the DEFENDANTS violated the California

10        Labor Codes as set forth in the preceding paragraphs;

11   8.   That DEFENDANTS be found to have engaged in unfair competition in violation of

12        section 17200 et seq. of the California Business and Professions Code;

13   9.   That DEFENDANTS be ordered and enjoined to make restitution to the Class due

14        to their unfair competition, including disgorgement of their wrongfully-obtained

15        revenues, earnings, profits, compensation, and benefits, pursuant to California

16        Business and Professions Code sections 17203 and 17204;

17   10.  That DEFENDANTS be enjoined from continuing the unlawful course of conduct,

18        alleged herein;

19   11.  For penalties pursuant to Labor Code §§203 and 226;

20   12.  For premium wages pursuant to Labor Code §226.7;

21   13.  For liquidated damages for failure to pay minimum wages pursuant to §1194.2;

22   14.  For interests, attorneys' fees and cost of suit under 29 U.S.C. § 216(b), California

23        Code of Civil Procedure §1021.5, Labor Code §§ 2802, 1194, and Labor Code 2698

24        et seq.;

25   15.  For all other remedies provided by the California Labor Code, California Code of

26        Civil Procedure, Civil Code or common law for the violations described herein

27        including those in PLAINTIFFS' Labor Code §2699f letter to the LWDA;

28   16.  For such other and further relief as the Court deems just and proper pursuant to the

First Amended Class Action Complaint – Demand for Jury Trial

1     procedures detailed in Labor Code § 2698 et seq.

2     17.    For all provisions of the Labor code violated as described above except those for

3            which a civil penalty is specifically provided, a civil penalty of one hundred dollars

4            ($100) for each aggrieved employee per pay period for the initial violation and two

5            hundred dollars ($200) for each aggrieved employee per pay period for each

6            subsequent violation;

7     18.    For all provisions of the Labor code violated as described above for which a civil

8            penalty is specifically provided, civil penalties for each aggrieved employee as

9            specifically provided by statute;

10    19.    Pursuant to the procedures detailed in Labor Code § 2698 et seq., amounts sufficient

11           to recover underpaid wages; and

12    20.    For such other relief as this Court deems just and proper.

13

14                              **DEMAND FOR JURY TRIAL**

15           PLAINTIFFS hereby demands trial of their claims by jury to the extent authorized by law.

16    Dated:  June 24, 2011.

                                MALLISON & MARTINEZ

17

18

                          By:   /s/ Hector R. Martinez_____

19                                 Hector R. Martinez

20

21

22

23

24

25

26

27

28